IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| WILLIAM STEELE, | ) |
| Plaintiff, | ) |
| | ) |
| v | ) 2:15-cv-01618-TFM |
| | ) |
| CITIBANK, N.A., | ) |
| Defendant. | ) |

# MEMORANDUM OPINION

Plaintiff, William Steele, brought this action for an alleged violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227 *et seq.* Defendant, Citibank, N.A., moves to compel arbitration and stay this action pending the resolution of the arbitration. (ECF No. 9). Defendant's motion has been fully briefed (ECF Nos. 11, 16, 17) and is ripe for disposition.

**I.  Background**

In his complaint, Plaintiff alleges that Defendant violated Section 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system and automatic or pre-recorded messages to make repeated calls to Plaintiff's cellphone. According to Plaintiff, these calls occurred between August 2015 and October 2015, and continued even after he told Defendant to stop calling him. He seeks to recover actual, statutory, and treble damages for the alleged violations.

Defendant seeks to compel arbitration and stay this action under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* According to Defendant, the alleged calls were made in connection with Plaintiff's National Tire and Battery credit card account with Citibank. "Like any other Citibank credit card account," Defendant argues, "[Plaintiff's] account is subject to written terms and conditions that are reflected in a Card Agreement, as amended from time to time (the "Card Agreement")." Def.'s Br. at 3. In support of its motion, Defendant has attached a

1

declaration signed by Andrew Grayot, a records custodian for Citibank; an exemplar of the Card Agreement; and billing statements showing that Plaintiff used the card between May 6, 2015 and July 6, 2015, and thereby assented to the terms in the Card Agreement. In his declaration, Mr. Grayot explains that the exemplar is a "complete copy of the form of Application that was provided to Plaintiff when he applied for the Account, including Credit Card Disclosures, Terms and Conditions of Offer, and the Card Agreement." Grayot. Decl. 6. In addition, "[t]he Card Agreement contains the arbitration agreement that was provided to the Plaintiff when he opened the Account." *Id.* ¶ 6.

> The arbitration provision agreement provides, in pertinent part, that:
>
> [a]ll claims relating to [the cardholder's] account, a prior related account, or [the] relationship [between the cardholder and Citibank] are subject to arbitration, including Claims regarding the application, enforceability, or interpretation of this Agreement and this arbitration provision. All Claims are subject to arbitration, no matter what legal theory they are based on or what remedy (damages, or injunctive or declaratory relief) they seek. This includes Claims based on contract, tort (including intentional tort), fraud, agency, [the cardholder's or Citibank's] negligence, statutory or regulatory provisions, or any other sources of law . . . .

Grayot Decl., Ex. 1 at 13. The Card Agreement also contains a choice-of-law provision calling for the application of federal and South Dakota law.

## II. Legal Standard

Under Section 2 of the FAA,

> [a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. The FAA, moreover, permits "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States District Court . . . for an order directing that . . . arbitration proceed in the manner

2

provided for in [the arbitration] agreement." 9 U.S.C. § 4.

"This provision establishes 'a liberal federal policy favoring arbitration agreements.'" *CompuCredit Corp. v. Greenwood*, --- U.S. ----, 132 S. Ct. 665 (2012) (quoting *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). "In line with these principles, courts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (citing *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006)). "The final phrase of § 2, however, permits arbitration agreements to be declared unenforceable 'upon such grounds as exist at law or in equity for the revocation of any contract.'" *Id.* (quoting 9 U.S.C. § 2). "This saving clause permits agreements to arbitrate to be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability,' but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *Id.* (quoting *Doctor's Associates, Inc. v. Casarotto*, 517 U.s. 681, 687 (1996)).

Accordingly, when deciding a motion to compel arbitration, the court must address two issues: (1) whether the parties have entered into a valid written agreement to arbitrate, and (2) whether the dispute in question falls within the scope of that agreement. *Century Indemnity Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 523 (3d Cir. 2009); *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 161 (3d Cir. 2009) (citing *Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529, 532 (3d Cir. 2005)). Once the court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. Meanwhile, the court, upon request of one of the parties, must stay the case pending resolution of the arbitration. *Lloyd v. Hovensa, LLC.*, 369 F.3d 263, 269 (3d Cir.

2004) (citing 9 U.S.C. § 3).

The Third Circuit Court of Appeals fairly recently "clarif[ied] the standards to be applied to motions to compel arbitration, identifying the circumstances under which district courts should apply the standard for a motion to dismiss, as provided by Rule 12(b)(6) of the Federal Rules of Civil Procedure, and those under which they should apply the summary judgment standard found in Rule 56." *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 767 (3d Cir. 2013). As the Court of Appeals instructed:

> when it is apparent, based on the face of a complaint, and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay. But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on the question. After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard. In the event that summary judgment is not warranted because the party opposing arbitration can demonstrate, by means of citations to the record," that there is "a genuine dispute as to the enforceability of the arbitration clause, the "court may then proceed summarily to a trial regarding the making of the arbitration agreement or the failure, neglect, or refusal to perform the same, as Section 4 of the FAA envisions.

*Id.* at 776 (internal citations and quotation marks omitted).

### III. Discussion

Plaintiff does not dispute that his claim falls within the scope of the arbitration provision in the Card Agreement. Rather, he argues that Defendant has failed to establish that he agreed to the arbitration provision. More specifically, Plaintiff contends, none of the documents attached to Defendant's motion, including the exemplar Card Agreement, are signed by Plaintiff, and there is no evidence "when and how Plaintiff agreed to this alleged agreement" – i.e., whether it was "mailed to him, handed to him or even emailed to him, or whether he applied [for the card] in

4

person, via mail, or online." Pl.'s Br. at 11. Moreover, according to Plaintiff, Mr. Grayot lacks the personal knowledge to testify regarding Plaintiff's account. "Thus," Plaintiff concludes, Mr. Grayot's declaration "cannot prove that the purported agreement governed the Plaintiff's credit card and thus was binding on him." *Id.* at 13. Plaintiff also argues that, even assuming that he did agree to the arbitration provision, the provision is unconscionable and unenforceable.

As already discussed, to determine whether the standard for Rule 12(b)(6) or Rule 56 applies, the Court must, as an initial matter, consider whether "arbitrability [is] apparent on the face of the complaint." *Guidotti*, 716 F.3d at 774. Here, it is not. Indeed, "the complaint does not mention, let alone establish on its face, that [Plaintiff] agreed to be bound by the terms of the agreement containing the arbitration clause." *Griffin v. Credit One Finanicial*, No. CV 15-3700, 2015 WL 6550618, at *2 (E.D. Pa. Oct. 29, 2015). As a result, "the motion to compel arbitration must be denied pending further development of the factual record." *Guidotti*, 716 F.3d at 774; *see also Reaser v. Credit One Fin.*, No. 3:15-CV-1765, 2016 WL 245541, at *3 (M.D. Pa. Jan. 21, 2016); *Rajput v. Credit One Financial*, No. 1:15-cv-00807, 2015 WL 8012938, at *2 (M.D. Pa. December 7, 2015); *Golden Gate Nat. Seniorcare, LLC v. Lane*, No. 3:CV-14-1957, 2015 WL 926432, at *5 (M.D. Pa. Mar. 4, 2015); *Ross v. CACH, LLC*, No. CIV. 2:14-6321 WJM, 2015 WL 1499282, at *3 (D.N.J. Apr. 1, 2015).

While Defendant contends that Plaintiff has failed to come forward with facts to place the agreement to arbitrate at issue, this argument misses the mark. "Under the Third Circuit's holding in *Guidotti*, the plaintiff only has the burden to plead additional facts to place the agreement in issue if the complaint is clear the parties agreed to arbitrate." *GGNSC Equity Holdings, LLC v. Breslin*, No. 1:14-MC-00450, 2014 WL 5463856, at *7 (M.D. Pa. Oct. 27, 2014) (citing *Guidotti*, 716 F.3d at 776). The complaint in this case does not make it clear that

5

the parties agreed to arbitrate, so Plaintiff need not come forward with any additional facts at this juncture. Instead, "reasonable allowance must be made for the parties to obtain discovery." *Guidotti*, 716 F.3d at 775 n.6 (citing *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)).

To be clear, the Court does not envision that much discovery will be necessary. As long as Defendant can establish that it properly mailed the Card Agreement to Plaintiff, there will be a presumption that Plaintiff received it. *See Griffin v. Credit One Fin.*, No. CV 15-3700, 2016 WL 538242, at *2 (E.D. Pa. Feb. 11, 2016); *Gedid v. Huntington Nat'l Bank*, No. CIV.A. 11-1000, 2012 WL 691637, at *6 (W.D. Pa. Feb. 10, 2012). This can likely be accomplished through a more detailed declaration from Mr. Grayot or some other Citibank records custodian – one that actually describes how the Card Agreement was "provided" to Plaintiff, *see, e.g.*, *Griffin*, 2016 WL 538242, at *2, or whether Defendant's routine business practices were followed, *see* F.R.E. 406. Plaintiff will then have the burden to come forward with evidence to rebut the presumption. *Id.* at *2. "Although the rebuttal evidence required is minimal, it must be enough to defeat a motion for summary judgment." *Id.*

## IV. Conclusion

Because it is not clear from the face of the complaint whether Plaintiff agreed to arbitrate, the Court will **DENY** the motion to compel without prejudice and order limited discovery on whether there is a valid agreement to arbitrate, at the conclusion of which the Court will entertain a renewed motion to compel under the summary judgment standard. An appropriate Order follows.

McVerry, S.J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM STEELE,<br>            Plaintiff,<br><br>v<br><br>CITIBANK, N.A.,<br>            Defendant. | )<br>)<br>)<br>) 2:15-cv-01618-TFM<br>)<br>)<br>)<br>) |

## ORDER OF COURT

**AND NOW**, this 14th day of March, 2016, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that DEFENDANT CITIBANK, N.A.'S MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS (ECF No. 9) is **DENIED WITHOUT PREJUDICE**. It is **FURTHER ORDERED** that:

1. The parties shall complete limited discovery with respect to the enforceability of the arbitration agreement **on or before April 25, 2016**;

2. Defendant may file a renewed motion to compel arbitration **on or before May 2, 2016**;

3. Plaintiff shall file a response to Defendant's renewed motion to compel arbitration **on or before May 9, 2016**.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: all counsel of record via CM/ECF